**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| DAVIEL VAZQUEZ, individually and on behalf of all others similarly situated, | Case No.:  8:25-cv-3530 |
| *Plaintiff*, | |
| v. | |
| ADG, LLC d/b/a GREAT EXPRESSIONS DENTAL CENTERS, | |
| *Defendant*. | |

---

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367(a), 1332(d), 1441, 1446, and 1453(b), Defendant Great Expressions Dental Centers ("GEDC") hereby gives notice of the removal of this action from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida ("State Court") to the United States District Court for the Middle District of Florida, Tampa Division.

This case is properly removed from State Court to federal court pursuant to 28 U.S.C. § 1331, 1367(a), 1441, and 1446 because this Court has original jurisdiction under 28 U.S.C. § 1331.  In the alternative, this Court has jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists, the proposed class consists of over 100 members, and the minimum amount in controversy exceeds $5 million.  *See* 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453(b).

## I.     Plaintiff filed this action in State Court.

On December 8, 2025, Plaintiff filed the operative complaint ("Complaint") in State Court, entitled *Vazquez v. ADG, LLC d/b/a Great Expressions Dental Centers*, Case No. 25-CA-012200. **Ex. A**, Compl.  GEDC was served with the Complaint on December 9, 2025. **Ex. C-9**, Affidavit of Service.  The Complaint alleges that GEDC enables third parties to "intercept patients' communications as they seek dental services and book medical appointments on its [w]ebsite."  Compl. ¶ 3.  Plaintiff brings claims against GEDC for: (1) violation of the Florida Security of Communications Act ("FSCA"), Fla. Stat. § 934.03; (2) violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511(1); (3) breach of confidence; and (4) unjust enrichment.  Compl. ¶¶ 125–179.

## II.     The procedural requirements for removal are satisfied.

Because this Court embraces the locality in which the State Court action was previously pending, venue properly lies in the United States District Court for the Middle District of Florida, Tampa Division, under 28 U.S.C. §§ 89(b), 1391, and 1441(a).  Pursuant to 28 U.S.C. § 1446, GEDC attaches hereto a true and correct copy of all pleadings, process, or orders docketed in the State Court action up to the date of filing this Notice of Removal.  *See* **Ex. C**, State Court Filings.

This Notice of Removal is also timely filed.  Pursuant to 28 U.S.C. § 1446(b), a notice of removal may be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  GEDC was served on December 9, 2025 (*see* Ex. C-9), making the deadline for removal January 8, 2026.  28

U.S.C. § 1446(b)(3); Fed. R. Civ. P. 6(a).  Accordingly, because GEDC files this Notice of Removal on December 29, 2025, removal is timely.  As required by 28 U.S.C. § 1446(d) and Local Rule 1.06, GEDC will provide written notice of the filing of this Notice of Removal to the State Court Clerk.

**III.    Removal is proper because this Court has federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367(a).**

Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Const. Co.*, 607 F. 3d 1268, 1273 (11th Cir. 2010).  "In determining whether jurisdiction exists under 28 U.S.C. § 1331, a court must look to the well-pleaded complaint alone." *Adventure Outdoors, Inc v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008).  To meet his burden of proof, the removing defendant "must show that the plaintiff['s] complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." *Id.* at 1294–95.  Further, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

This action is removable because Plaintiff asserts a claim arising under the laws of the United States—specifically, ECPA.  Compl. ¶¶ 135–158.  This Court

3

additionally has jurisdiction over Plaintiff's state law claims because they form part of the same "case or controversy" as Plaintiff's federal claim.

### a. ECPA is a federal law.

"[D]istrict courts possess federal question jurisdiction under § 1331" when "federal law creates a private right of action and furnishes the substantive rules of decision." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 378–79 (2012); *see also* 18 U.S.C. § 2520(a).   ECPA is undoubtedly a federal law.   *See* 18 U.S.C. § 2511. Accordingly, this Court has original jurisdiction over Plaintiff's ECPA claim.

### b. The state law claims form part of the same case or controversy as Plaintiff's ECPA claim.

Because Plaintiff's EPCA claim imbues this Court with original jurisdiction, 28 U.S.C § 1367(a) provides this Court with a "broad grant" to exercise supplemental jurisdiction over Plaintiff's state law claims, so long as they arise from the same conduct and circumstances. *PTA-Fla, Inc., v. ZTE USA, Inc.*, 844 F.3d 1299, 1310 (11th Cir. 2016); 28 U.S.C § 1367(a).

Here, Plaintiff's claims under common law and the FSCA all arise from "the same facts" and involve "similar occurrences, witnesses, or evidence" as Plaintiff's ECPA claim. *PTA-Fla, Inc.*, 844 F.3d at 1310.  Indeed, Plaintiff's claims in this action all stem from a single alleged wrong: that GEDC enables third parties to "intercept patients' communications as they seek dental services and book medical appointments on its [w]ebsite."  Compl. ¶ 3.  Each of Plaintiff's claims relies on that same essential allegation; Plaintiff does not allege a separate course of conduct underlying his federal

and state claims.  For this reason, courts routinely exercise supplemental jurisdiction over state wiretapping laws modeled after ECPA and related common law claims.  *See, e.g., Wertz v. Inmate Calling Sols., LLC*, 2025 U.S. Dist. LEXIS 171073, at \*3 n.4 (W.D. Pa. Sept. 3, 2025) ("This Court has federal question jurisdiction over Federal Wiretap Act claims . . . and may exercise supplemental jurisdiction over the state-law claims . . . .").

## IV.   Alternatively, removal is proper because this Court has jurisdiction under CAFA.

"CAFA grants federal district courts jurisdiction over class actions where (1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds \$5 million, and (3) the proposed plaintiff class contains at least 100 members." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014); *see also* 28 U.S.C. §§ 1332(d)(2); 1332(d)(5)(B); 1453(b); 1446.  This case satisfies each of CAFA's three requirements.

### a.  Minimal diversity exists.

Minimal diversity exists because at least one "member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  Based on Plaintiff's allegations, he is and has been a citizen of Florida at all relevant times. *See* Compl. ¶ 9; 28 U.S.C. § 1332(d)(7) (citizenship of putative class members shall be determined as of the date of filing of the complaint).  Further, Plaintiff correctly alleges that GEDC is a Michigan limited liability company with its principal place of business in Michigan.  Compl. ¶ 13.  Thus, GEDC is a Michigan citizen for purposes of

diversity under CAFA.  *See* 28 U.S.C. § 1332(d)(10) (for the purposes of CAFA jurisdiction, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized").  Because Plaintiff is a citizen of Florida, and GEDC is a citizen of Michigan, minimal diversity exists.

### b.  The putative class consists of more than 100 members.

The proposed class consists of more than 100 members.  *See* 28 U.S.C. § 1332(d)(5)(B).  Plaintiff seeks to represent a nationwide class, as well as a Florida sub-class, of "all persons who scheduled an appointment on the [GEDC website]." Compl. ¶¶ 115–16.  By Plaintiff's own allegations, "there are at least thousands of Class Members."  Compl. ¶ 119; *see also id.* ¶ 13 (noting that the GEDC website "connects patients to" approximately 250 different dental practice locations).  Because there are at least 100 putative class members, the numerical threshold for jurisdiction under CAFA is satisfied.

### c.  The amount in controversy exceeds $5,000,000.

Given the alleged size of the putative class and the high statutory damages implicated by Plaintiff's claims, the $5,000,000 amount in controversy requirement is clearly satisfied.  *See* 28 U.S.C. § 1332(d)(2).

"[A] removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement."  *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).  For purposes of adjudicating whether a defendant has met this burden, "[t]he plaintiff['s]

6

likelihood of success on the merits is largely irrelevant . . . the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010).  Courts may consider, among other things, compensatory damages, the value of injunctive relief (measured from the plaintiff's perspective), and "[s]tatutory damages sought in the complaint." *Villarino v. Joekel*, 2025 U.S. Dist. LEXIS 208021, at *15 (S.D. Cal. Oct. 16, 2025) (citation omitted).

Plaintiff—on behalf of himself and the putative class—seeks statutory damages where available, including under the FSCA and the ECPA.  Compl., Prayer for Relief, ¶ (e); *see also* Compl. ¶¶ 128, 158.  As noted above, Plaintiff alleges there to be "at least thousands" of putative class members (Compl. ¶ 119), which would mean there are, at minimum, 1,001 putative class members. *Cf. Carter v. Westlex Corp.*, 643 Fed. Appx. 371, 374 n.1, 377 (5th Cir. 2016) (affirming district court determination that jurisdiction under CAFA was proper, and noting defendants calculated damages "based on 1,001 class members as [p]laintiffs alleged that the putative class exceeded 1,000 members").[1]  With a putative class consisting of at least 1,001 members, statutory damages under the ECPA alone (at $10,000 per violation) amount to

---

[1] Plaintiff also alleges that GEDC's website "connects patients to" approximately 250 different dental practice locations (Compl. ¶ 13), and that online appointment booking has been available since at least September 2021 (*see id.* ¶ 9).  To reach a putative class size of 1,001, the Court need only accept that *one person per year* booked an appointment through the website at each of GEDC's locations over the last four years. *Cf. Roe*, 613 F.3d at 1062 (courts may use "common sense" in determining whether jurisdictional requirements are met).

$10,010,000—more than double CAFA's $5,000,000 minimum, even before calculating alleged damages for Plaintiff's other claims. *See* 18 U.S.C. § 2520; Compl. ¶ 158.

WHEREFORE, Defendant ADG, LLC d/b/a Great Expressions Dental Centers hereby removes the action previously pending against it in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

Dated: December 29, 2025

Respectfully submitted,

*/s/ Gabriela A. Plasencia*
Sean G. Wieber* [*Lead Counsel*]
Kevin P. Simpson*
**WINSTON & STRAWN LLP**
300 N. LaSalle Drive, Suite 4400
Chicago, IL 60654
Phone: (312) 558-5600
Fax: (312) 558-5700
SWieber@winston.com
KPSimpson@winston.com

*\*pro hac vice* forthcoming

Gabriela A. Plasencia
Fla Bar No. 115788
**WINSTON & STRAWN LLP**
101 California Street
San Franscisco, CA 94111-5891
Phone: (415) 591-1000
Fax: (415) 591-1400
GPlasencia@winston.com

*Counsel for Defendant ADG, LLC d/b/a Great Expressions Dental Centers*

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 29, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and that a copy of the foregoing has been served by email and/or U.S. mail, postage prepaid, to the following:

Sarah N. Westcot
Stephen A. Beck
Bursor & Fisher, P.A.
701 Brickell Avenue, Suite 2100
Miami, FL 33133
Telephone: (305) 330-5512
Facsimile: 305 679-9006
Email: swestcot@bursor.com
        sbeck@bursor.com

*Counsel for Plaintiff*

                                        /s/ *Gabriela A. Plasencia*
                                        Gabriela A. Plasencia